STATE, Respondent, v. SCHOLWIN, Appellant.

*No. State 69. Submitted February 1, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 677.)

For the appellant the cause was submitted on the brief of *William C. Yellin* of Merrill.

For the respondent the cause was submitted on the brief of *Robert W. Warren*, attorney general, and *Carl L. Ricciardi* and *Stephen H. Schoenfeld*, assistant attorneys general.

PER CURIAM. The defendant was stopped by a state patrol officer for a noisy muffler. The officer asked to

see the defendant's driver's license and noticed that the year of defendant's birth, 1949, had been changed to 1948. The defendant was arrested three months before his twenty-first birthday. The trial judge defended his finding that the license had been fraudulently altered on the ground that it was a matter of common knowledge that young people did this so they could pass for twenty-one at liquor bars.

Sec. 343.43 (1) (a), Stats., prohibits representing as valid a canceled, revoked, suspended, fictitious or fraudulently altered license. This presupposes that a fraudulently altered license is invalid. There is no statute expressly providing that a fraudulently altered license is invalid. However, under sec. 343.25 (1), the commissioner of motor vehicles may cancel any license which was issued on an application containing a false statement as to any material matter. Sec. 343.17 (1) prescribes the contents of a driver's license. The date of birth is one of the prescribed contents.

The county and circuit judges treated sec. 343.43, Stats., as what the attorney general argues it is, a statute imposing strict liability. The history of the statute requires a different interpretation. Its predecessor was sec. 85.08 (35) (a), which made it a misdemeanor "to display or cause or permit to be displayed or have in his possession any suspended, revoked, canceled, fictitious or fraudulently altered driver's license." When the present statute was enacted in 1957 the Legislative Council had this to say:

"The present provision seems too broad because it makes criminal merely having a revoked, suspended, or canceled license in one's possession or the displaying of such a license. The provision in sec. 343.35 making it a crime to fail to surrender a revoked, suspended, or canceled license upon demand plus the provisions of sub. (1) (a) of this section are sufficient." 1970 Wisconsin Annotations, p. 1797.

When the legislature changed the statute to provide a criminal penalty for representing as valid rather than merely having possession of or displaying a fraudulently altered license, it narrowed the scope of the statute significantly. The purpose of the change was to restrict the statute to situations which had a direct bearing on the license as evidence of the granting of the driving privilege, rather than the license as evidence of age or other means of identification.

Whether a licensee is twenty or twenty-one has no relation to the granting of driving privileges. The evidence in this case is insufficient to support the conviction.

The judgment is reversed.